## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BOARD OF TRUSTEES, KANSAS CITY KANSAS COMMUNITY COLLEGE, | ) ) ) ) | |
| Plaintiff, | ) | Case No. 22-2321 |
| v. | ) | |
| | ) | |
| MID-AMERICA CARPENTERS REGIONAL COUNSEL, LOCAL UNION NO. 1127; JOHN DOE #1, JOHN DOE #2; and JOHN DOE #3, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Mid-America Carpenters Regional Council, Local Union No. 1127 and John Does No.'s 1-3, hereby give Notice of Removal to this Court of the civil action filed in the District Court of Wyandotte County, Kansas, Case No. 2022-CV-000507, filed by the Board of Trustees, Kansas City Kansas Community College ("Plaintiff") against Mid-America Carpenters Regional Council, Local Union No. 1127 and John Does No.'s 1-3, ("Defendants") and as grounds for removal therefore states:

## REMOVAL JURISDICTION

1.      This Court has original jurisdiction over this action under 28 U.S.C. § 1331 because it involves an alleged claim or right arising under the laws of the United States. In support of this removal, Defendants make the following showing:

## TIMELINESS OF REMOVAL

2.      On Friday, August 12, 2022 Plaintiff field a Verified Petition (Exhibit A) and a Motion for a Temporary Restraining Order in the District Court of Wyandotte County, Kansas.

3.      On Monday, August 15, 2022 the state court judge assigned to this matter entered a Temporary Restraining Order against Defendants.

4.      The first date upon which any of the Defendants received a copy of the Petition, Motion for Temporary Restraining Order and the Order was Monday, August 15, 2022 at 7:45 pm.

## FEDERAL QUESTION JURISDICTION

6.      This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §1441(b) in that Plaintiff's claims of a violation of the National Labor Relations Act, 29 U.S.C. § 151 et seq., and defamation, are preempted by Section 303 of the Labor Management Relations Act, 29 U.S.C. § 187.

7.      Plaintiff specifically alleges that, "On or about August 1, 2022, Defendants began picketing, bannering, and handing out flyers at or near the campus of KCKCC containing false and defamatory statements regarding KCKCC".   (Exhibit A, ¶8).   Plaintiff also alleges that Defendants' conduct constitutes an unfair labor practice in violation of Section 8(b)(4)(i) and (ii) of the National Labor Relations Act.  (Exhibit A, ¶23).

8.      Plaintiff's state court action and the claims made in its Petition are preempted by Section 303 of the Labor Management Relations Act, 29 U.S.C. § 187.  *Firebird Structures, LCC v. United Brotherhood of Carpenters & Joiners of America, Local Union No. 1505*, 252 F. Supp. 3d 1132, 1171 (D.N.M. 2017), see also *Teamsters, Local 20 v. Morton*, 377 U.S. 252, 261 (1964) ("state law has been displaced by § 303); *Smart .v Local 702 Int'l Bd. of Elec. Workers*, 562 F.3d

798, 808 (7th Cir. 2009)(Section 303 provides for removal jurisdiction; "we hold therefore that Section 187(b) *completely* preempts state-law claims related to secondary boycott activities described in Section 158(b)(4); it provides an exclusive federal cause of action for the redress of such illegal activity.")(emphasis in original); *Allstate Interiors, v. United Bhd. Of Carpenters & Joiners of Amer.*, 2010 U.S. Dist. LEXIS 94509, *10-11 (S.D.N.Y. Sept 4, 2010); *Silverman v. Verrelli*, 2012 U.S. District LEXIS 14453, *22 (D.N.J. February 7, 2012)("the Court has concluded that the complete preemption doctrine applies and Plaintiff's Complaint must be construed to arise under the cause of action supplied by LMRA § 303."); *Monarch Long Beach v. Soft Drink Workers, Local 812*, 762 F.2d 228 (2nd Cir. 1985)(upholding preemption of state law claim by Section 303 in context of secondary boycott activity by union); *Martines Palmerio Construction, Ltd. liability Co. v. Southwest Reg'l Council of Carpenters*, 2017 U.S. Dist. LEXIS 191989, at *10 (D. Colo. Nov. 21, 2017)(finding that complete preemption applies Plaintiff's state law claim applies, supporting the removal of this case based on federal question jurisdiction and the denial of Plaintiff's motion to remand).

9.      Further, Section 6 of the Norris-LaGuardia Act, 29 U.S.C. § 106, applies in federal court adjudication of state tort claims arising out of labor disputes (see *Firebird Structures,* 252 F. Supp. 3d at 1161) and restricts the court's ability to issue injunctive relief in labor disputes.  Section 1 of the Norris-LaGuardia Act makes this restraint plain, stating that no court of the United States, as defined in this chapter, shall have jurisdiction to issue any restraining order or temporary or permanent injunction in a case involving or growing out of a labor dispute, except in a strict conformity with the provisions of this chapter; nor shall any such restraining order or temporary or permanent injunction be issued contrary to the public policy declared in this chapter. 29 U.S.C. § 101. Additionally, with respect to the allegations against John Doe No.'s 1-3, the Norris-

LaGuardia Act addresses the limited imposition of vicarious liability on a union, union officials, or union members for the alleged violations of the National Labor Relations Act.

10.     Tenth Circuit has acknowledged the "sweeping language" of § 8 of the NLRA and grounded its interpretation of the statute in its purpose, namely, protecting "neutral employers, i.e. those not directly involved in a labor dispute, from direct union sanction."48 Although "labor dispute" is not a term found in § 8, it is defined within the NLRA: "the term 'labor dispute' includes any controversy concerning terms, tenure or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment, regardless of whether the disputants stand in the proximate relation of employer and employee." *Butcher v. Teamsters Local 955*, 2018 U.S. Dist. LEXIS 200876, at *17-18 (D. Kan. Nov. 28, 2018).  This definition does not specify whose employment may the subject of a labor dispute. Rather, it uses broader phrases, encompassing any dispute about the union status of any set of employees.  This understanding of the NLRA's definition of "labor dispute" accords with judicial interpretations of the Norris-LaGuardia Act's definition of the same term. The Norris-LaGuardia Act, 29 U.S.C. § 101 et seq., defines "labor dispute" with terms identical in all relevant respects to the Act's definition. Compare 29 U.S.C. § 113(c) with § 152(9). "We have previously held that a secondary boycott "involves a labor dispute" for Norris-LaGuardia Act purposes." *Overstreet ex rel. NLRB v. United Brotherhood of Carpenters & Joiners of America, Local 1506*, 409 F.3d 1199, 1217-18 (9th Cir. 2005), citing *Smith's Mgmt. Corp. v. Int'l Bhd. of Elec. Workers, Local Union No. 357*, 737 F.2d 788, 790 (9th Cir. 1984); see also *Burlington N. Santa Fe Ry. Co. v. Int'l Bhd. of Teamsters, Local 174*, 203 F.3d 703, 711 (9th Cir. 2000) (en banc).

11.     As alleged by Plaintiff, Mid-America Carpenters Regional Council, Local 1127 is a labor organization within the meaning of Section 2(5) of the National Labor Relations Act, 29 U.S.C. § 152(5).  Section 303 provides a private right of action for conduct that violates Section 8(b)(4) of the National Labor Relations Act, 29 U.S.C. § 158(b)(4).  Section 8(b)(4) prohibits, *inter alia*, a labor organization (i) to engage in, or to induce or encourage any individual employed by any employer to engage in a strike or refusal to handle goods or services or (ii) to threaten, coerce, or restrain any employer with an object of forcing or requiring that employer to cease doing business with any other employer.

12.     As plead, Plaintiff's claims clearly fall within the secondary boycott provisions of Section 8(b)(4) of the National Labor Relations Act and Section 303 of the Labor Management Relations Act.  Section 303 provides a remedy, if Plaintiff is entitled to one, for any violation of Section 8(b)(4).  *Teamsters, Local 20 v. Morton*, 377 U.S. 252 (1964).  In *Teamsters, Local 20*, the Supreme Court explained that "Substantive state law in this area must yield to federal limitations.  *Id.* at 261.  "[T]his is an area of judicial decision within which the policy of the law is so dominated by the sweep of federal statutes that legal relations which they affect must be deemed governed by federal law having its source in those statutes, rather than by local law."  *Id.*

13.     Under current case law, "'the First Amendment protects a significant amount of verbal criticism and challenge' in speech aimed at physically present public officials about to engage in challenged behavior." *Overstreet v. United Broth. of Carpenters and Joiners of Am., Local Union No. 1506*, 409 F.3d 1199, 1212 (9th Cir. 2005).  In *Overstreet*, union members had held large banners announcing a "labor dispute" and declaring "SHAME ON" certain (secondary) retailers. Overstreet, 409 F.3d at 1201-02.  The *Overstreet* Court concluded that given the stationary nature of the bannering activity and the absence of any physical or symbolic barrier

blocking the entrances to the retailers' establishments, the union's banner and handbill were protected by the First Amendment. *Overstreet*, 409 F.3d at 1211-12.

## VENUE

14.     Venue lies in the United States District Court for the District of Kansas pursuant to 28 U.S.C. §§ 1441(a) and 1391(b), because the original state court action was filed in this District and this is the judicial district in which the action arose.

15.     All Defendants named in this action join in the Notice of Removal.  28 U.S.C. § 1441(c).

16.     This Petition is filed in this Court within thirty (30) days after receipt of the Plaintiff's Petition filed in state court, as required by 28 U.S.C. § 1446(b).

17.     Pursuant to 28 U.S.C. § 1446(d), copies of the Notice of Removal will be promptly served to all adverse parties and a copy of the Notice of Removal will be filed with the Clerk of the Twenty Ninth Judicial District, Wyandotte County District Court, State of Kansas.

WHEREFORE, for the reasons stated above, this civil action is properly removed to this Court.

## DESIGNATION OF PLACE OF TRIAL

18.     Defendants hereby designate Kansas City, Kansas as place of trial.

Dated: August 16, 2022

Respectfully submitted,

MCCAULEY & ROACH, LLC

s/ Morgan L. Roach_____

6

Morgan L. Roach KS #23060
McCauley & Roach, LLC
527 W. 39th Street, Suite 200
Kansas City, Missouri 64111
Telephone: 816-523-1700
Facsimile: 816-523-1708
E-mails: morgan@mccauleyroach.com


s/Terrance B. McGann
Terrance B. McGann
*(to be admitted pro hac vice)*

McGann, Ketterman & Rioux
111 East Wacker Drive, Suite 2300
Chicago, IL 60601
T: 312.251.9700
F. 312.251.9701
tmcgann@mkrlaborlaw.com

*Attorneys for Defendants*


## CERTIFICATE OF SERVICE

I hereby certify that, on August 16, 2022 the above and foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record and was also served the same date upon counsel Gregory P. Goheen, Ryan B. Denk, and Gabriel J. Greenhaum by electronic mail at ggoheen@mvplaw.com, rdenk@mvplaw.com, and ggreenbaum@mvplaw.com.

s/ Morgan L. Roach