ELECTRONICALLY FILED
2022 Aug 12 PM 3:47
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2022-CV-000507

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
CIVIL COURT DEPARTMENT

| | | |
|---|---|---|
| BOARD OF TRUSTEES, KANSAS CITY KANSAS COMMUNITY COLLEGE, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. _____ |
| v. | ) ) | Division No. _____ |
| MID-AMERICA CARPENTERS REGIONAL COUNSEL, LOCAL UNION NO. 1127; JOHN DOE #1, JOHN DOE #2; and JOHN DOE #3, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## VERIFIED PETITION

COMES NOW, Plaintiff Board of Trustees for the Kansas City Kansas Community College ("Plaintiff"), by and through the undersigned counsel, and for its causes of action against Defendants Carpenters Local 1127, John Doe #1, John Doe #2, and John Doe #3, states and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is the governing body of Kansas City Kansas Community College, a Kansas public community college duly authorized and existing pursuant to K.S.A. Chapter 71 ("KCKCC").

2. Defendant Mid-America Carpenters Regional Council, Local Union No. 1127 (the "Union") is a labor union organized and existing under applicable law. The Union can be served with process at its principal place of business at 8955 East 38th Terrace, Kansas City, Missouri 64129.

3. Upon information and belief, Defendant John Doe #1 ("Doe #1") is a member of the Union and can be served with process personally under Kansas law.

1

4. Upon information and belief, Defendant John Doe #2 ("Doe #2") is a member of the Union and can be served with process personally under Kansas law.

5. Upon information and belief, Defendant John Doe #3 ("Doe #3") is a member of the Union and can be served with process personally under Kansas law.

6. Jurisdiction and venue are proper in this Court pursuant to applicable law.

## ALLEGATIONS COMMON TO ALL COUNTS

7. As of August 11, 2022, KCKCC is nearing the completion of construction of a new student housing dormitory commonly known as Centennial Hall.

8. On or about August 1, 2022, Defendants began picketing, bannering, and handing out flyers at or near the campus of KCKCC containing false and defamatory statements regarding KCKCC.

9. Specifically, on such date and at or about the intersection of State Avenue and College Parkway, Defendants began to display a banner stating "Kansas City Kansas Community College CONDONES TAX FRAUD AND IMMIGRANT LABOR ABUSE" containing the unauthorized use of the trademarked logo of KCKCC (the "Banner"). A true and accurate photograph of the Banner is attached hereto as **Exhibit A** and is incorporated herein by reference.

10. In addition to displaying the Banner, Defendants distributed or otherwise publicized, and continue to distribute a letter containing the same message, as well as allegations of KCKCC condoning the employment and/or contracting of undocumented workers to perform certain work in connection with the construction of Centennial Hall (the "Letter"). A true and accurate copy of the Letter is attached hereto as **Exhibit B** and is incorporated herein by reference.

11. The Letter contains numerous false and defamatory statements regarding KCKCC, including:

>Instead of taking action to stop this behavior when this arrangement is brought to light, **Kansas City Kansas Community College condones the bad behavior by taking no action and has allowed Higgins Group and Blue Seal Drywall to continue this unlawful abusive behavior.**

*See* Exhibit B.

12. On or about August 2, 2022, Plaintiff and KCKCC, directly and by and through counsel, demanded that Defendants cease and desist the above-described unlawful behavior.

13. Despite such demand, Defendants have failed and refused, and continue to fail and refuse, to cease and desist its unlawful behavior.

14. On August 11, 2022, Defendants perpetuated their unlawful activities, continuing to promote false and defamatory statements regarding KCKCC through the use of social media via Twitter. A true and accurate copy of the Tweet posted by Defendants is attached hereto as **Exhibit C** and incorporated herein by reference.

## COUNT I – DEFAMATION
### Against All Defendants

15. Plaintiff incorporates by reference all previous paragraphs of this Verified Petition as though more fully set forth herein.

16. As described hereinabove, Defendants have made false and defamatory statements regarding KCKCC that have been communicated to the public at large.

17. Defendants have made such false and defamatory statements regarding KCKCC with actual malice and the specific intent to harm or injure the reputation of KCKCC.

18. Defendants' false and defamatory statements and the facts and circumstances surrounding the making of such statements have resulted in injury and harm to the reputation of KCKCC.

19. KCKCC has suffered damages as a result of the injury and harm to KCKCC's reputation caused by Defendants' false and defamatory statements.

WHEREFORE, Plaintiff Board of Trustees for the Kansas City Kansas Community College prays for judgment against Defendants Mid-America Carpenters Regional Council, Local Union No. 1127, John Doe #1, John Doe #2, and John Doe #3 in an amount in excess of $75,000.00, for its attorneys' fees, the costs of this action, post-judgment interest thereon at the highest rate under applicable law, and such further relief as the Court deems just and proper.

## COUNT II – VIOLATION OF NATIONAL LABOR RELATIONS ACT
### Against All Defendants

20. Plaintiff incorporates by reference all previous paragraphs of this Verified Petition as though more fully set forth herein.

21. Section 8(b)(i)(4) of the National Labor Relations Act, 29 U.S.C. § 151 *et seq.* prohibits a labor organization and its agents from "forcing or requiring any person . . . to cease doing business with any other person." 29 U.S.C. § 158(b)(i)(4).

22. Section 303 of the Labor Management Relations Act, 29 U.S.C. § 141 *et seq.* authorizes the pursuit of a private cause of action in connection with a labor organization's engagement in conduct defined as an unfair labor practice under Section 8(b)(4) of the National Labor Relations Act. 29 U.S.C. § 187.

23. Defendants have engaged in conduct defined as an unfair labor practices under Section 8(b)(i)(4) of the National Labor Relations Act by engaging in unlawful conduct, including, without limitation: (i) engaging in conduct with the object of forcing or requiring the KCKCC to cease doing business with certain third-parties; (ii) engaging in conduct with the object of forcing or requiring third-parties to cease doing business with KCKCC; and (ii) engaging in the conduct

described hereinabove at locations, in manners, and by means prohibited or otherwise restricted under applicable law.

24. As a result of Defendants' conduct, Plaintiff and KCKCC have suffered damages.

WHEREFORE, Plaintiff Board of Trustees for the Kansas City Kansas Community College prays for judgment against Defendants Mid-America Carpenters Regional Council, Local Union No. 1127, John Doe #1, John Doe #2, and John Doe #3 in an amount in excess of $75,000.00, for its attorneys' fees, the costs of this action, post-judgment interest thereon at the highest rate under applicable law, and such further relief as the Court deems just and proper.

### COUNT III – TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION
**Against All Defendants**

25. Plaintiff incorporates by reference all previous paragraphs of this Verified Petition as though more fully set forth herein.

26. Defendants continue to publish false and defamatory statements regarding KCKCC and to unlawfully picket, banner and distribute letters at the intersection of State Avenue and College Parkway, and through the use of social media, containing such false and defamatory statements, despite the demand of KCKCC to cease and desist the same.

27. Defendants' actions, as specifically described hereinabove, have caused, are causing, and will continue to cause immediate and irreparable injury, loss and damage to Plaintiff and KCKCC.

28. The immediate and irreparable injury, loss and damage to Plaintiff and KCKCC caused by Defendants' actions, as specifically described herein above, require the entry of the Court's order restraining and prohibiting Defendants from engaging in such conduct prior to Defendants opposing the entry of such order.

29. Without Court intervention restraining the Defendants from engaging in the unlawful conduct specifically described hereinabove, Plaintiff and KCKCC will continue to suffer immediate and irreparable injury, loss and damage.

WHEREFORE, Plaintiff Board of Trustees for the Kansas City Kansas Community College prays for the Court's order restraining and enjoining Defendants Mid-America Carpenters Regional Council, Local Union No. 1127, John Doe #1, John Doe #2, and John Doe #3 from (i) making, publishing and otherwise disseminating false and defamatory statements regarding Plaintiff, KCKCC or any of its agents or employees, (ii) picketing, bannering or otherwise disseminating materials containing such false and defamatory statements regarding Plaintiff, KCKCC or any of its agents or employees in violation of the National Labor Relations Act and other applicable law, and (iii) picketing, bannering or otherwise disseminating false and defamatory statements regarding Plaintiff, KCKCC or any of its agents or employees at the intersection of State Avenue and College Parkway, at any other physical location, or through any other physical, electronic, technological, or internet means; its reasonable attorneys' fees; the costs of this action; and such further relief as the Court deems just and equitable.

Respectfully submitted,

McANANY, VAN CLEAVE & PHILLIPS, P.A.
10 E. Cambridge Circle Drive, 300
Kansas City, Kansas 66103
Telephone:(913) 371-3838
Facsimile: (913) 371-4722
E-mail:   ggoheen@mvplaw.com
          rdenk@mvplaw.com
          ggreenbaum@mvplaw.com


By: /s/ Gregory P. Goheen
    Gregory P. Goheen      #16291
    Ryan B. Denk           #18868
    Gabriel J. Greenbaum   #28725

7

## VERIFICATION

**STATE OF KANSAS**          )
                             )    ss:
**COUNTY OF WYANDOTTE**      )

I, Dr. Greg Mosier, in my capacity as the President of Kansas City Kansas Community College, aver that I have read the foregoing Petition, and swear and affirm that the allegations contained herein are true and correct.

_____
Dr. Greg Mosier
President, KCKCC

Subscribed and sworn to before me this 12th day of August, 2022.

_____
NOTARY PUBLIC
Dara Marie Sambol

My Appointment Expires:

07/26/2026
July 26, 2026





# Kansas City Kansas Community College
# CONDONES TAX FRAUD AND IMMIGRANT LABOR ABUSE

Kansas City Kansas Community College hired Conco Construction as the general contractor to build Centennial Hall, the new student housing dormitory located at 7250 State Avenue in Kansas City, Kansas.

Conco Construction hired Higgins Group formerly known as Drywall Systems to perform carpenter work on the Centennial Hall project. **Higgins Group, in turn, hired Blue Seal Drywall, LLC, who was paying cash (I.e., a check with no deductions) to undocumented workers to perform metal framing and drywall work on the project.**

Unfortunately, this type of unscrupulous abusive behavior is all too common in the construction industry. To be clear, intentional misclassification of employees as independent contractors to avoid employment taxes and workers' compensation premiums is illegal. Many times we see this illegal arrangement employed by unscrupulous contractors to gain an unfair advantage over their competitors, avoid employment regulation like completing I-9's or participating in the E-Verify system, and pay substandard wages to a vulnerable workforce. Undocumented workers in the construction industry frequently fall victim to this form of worker abuse because they fear that, if they complain about substandard wages and lack of workplace protections afforded employees, their own employer may report them and attempt to have them deported. And while this behavior is against the law, the government agencies tasked with enforcing these laws many times lack the resources to adequately do so.

Instead of taking action to stop this behavior when this arrangement is brought to light, **Kansas City Kansas Community College condones the bad behavior by taking no action and has allowed Higgins Group and Blue Seal Drywall to continue this unlawful abusive behavior.**

Our organization has made a commitment to our members and contracting partners that when we encounter such behavior in our community, we will draw public attention to the projects where this is occurring, and all parties involved.

Mid America Carpenters Regional Council has a labor dispute with Higgins Group, Inc. over its failure to pay all its carpenter craft employees on all projects area standard wages, including providing or making payments for family health care and/or pension benefits.

**EXHIBIT B**

## Please call Dr. Greg Mosier, President of Kansas City Kansas Community College, at (913) 288-7123 and ask him to do all he can to change this situation.

The members and families of the Mid America Carpenters Regional Council thank you for your support.

Call (866) 275-6769 for further information.

WE ARE NOT URGING ANY WORKER TO REFUSE TO WORK NOR ARE WE URGING ANY SUPPLIER TO REFUSE TO DELIVER GOODS



EXHIBIT C